```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
STATE AUTO PROPERTY & CASUALTY
INSURANCE COMPANY,

                                                    11 CV 220 (SJ) (CLP)

                Plaintiff,
        v.
                                                    ORDER ADOPTING
                                                    REPORT AND
                                                    RECOMMENDATION

GILINA SHATS, et al.,

                Defendants.
----------------------------------------------------X
```

A P P E A R A N C E S
SIMON LESSER PC
The Graybar Building
420 Lexington Avenue
New York, NY 10170
By:    Renee Simon Lesser
*Attorney for Plaintiff*

DIJOSEPH & PORTEGELLO, P.C.
108 Main Street
Staten Island, NY 10307
By:    Arnold DiJoseph, III
*Attorneys for Defendants Gilina Shats,
Mikhail Shats and Lenny Shats*

**JOHNSON, Senior District Judge,**

Plaintiff State Auto Property & Casualty Insurance Company ("State Auto" or "Plaintiff") filed the instant complaint on January 13, 2011, seeking a declaration that it is not obligated to defend or indemnify Gilina Shats, Mikhail Shats or Lenny Shats (the "Shats defendants") against any claims made by defendant Pedro Nanco

1

("Nanco") arising out of a December 19, 2009 motor vehicle accident. The Shats defendants consented to jurisdiction before Magistrate Judge Cheryl L. Pollak, who granted State Auto's motion for a judgment on the pleadings. However, Nanco never answered the complaint and thus did not consent to jurisdiction before Judge Pollak.

On November 5, 2012, the Clerk of the Court made a notation of default against Nanco. State Auto then filed a motion for default judgment against Nanco. Notice of the motion and of Judge Pollak's order that Nanco appear on February 20, 2013 for an inquest hearing were sent to Nanco's address of record. He did not appear and Judge Pollak issued a Report and Recommendation ("Report") recommending that judgment be entered against Nanco, and that State Auto be awarded $768.95, representing the cost of filing and serving pleadings. For the reasons stated both in the Report and below, the Court adopts the Report in full.

DISCUSSION

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 10 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon *de novo* review of those portions of the record to which objections were made, the district court

judge may affirm or reject the recommendations. See id. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

In this case, objections to Magistrate Judge Pollak's Report were due on April 15, 2013. No objections to the Report were filed with this Court. Upon review of the recommendations, this Court adopts and affirms Magistrate Judge Pollak's Report in its entirety. The Clerk of the Court is directed to close the case.

**SO ORDERED.**

DATED: April 21, 2012 _____/s_____
       Brooklyn, New York           Sterling Johnson, Jr, U.S.D.J.